IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| JACK JOSEPH BAKER, ) | |
| ) | Bankruptcy No. 12-00107 |
| Debtor. ) | |

**ORDER RE: MOTION TO USE BONUS AND CIPP PAYOUT**

This matter came before the undersigned for hearing on April 4, 2013. Debtor Jack Baker appeared with Attorney Dustin Baker. Carol F. Dunbar appeared as Chapter 13 Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Debtor wishes to retain $5,685.59 he received as a profit sharing bonus and CIPP payout. He is planning a June wedding with a cost of $4,261.89 and seeks permission to use the bonus and CIPP payout to pay for wedding expenses and potential overages. Trustee has filed an objection.

**CONCLUSIONS OF LAW**

Debtor requests permission to keep disposable income to pay a postpetition debt. This Court considers various factors in determining whether a debtor should be permitted to retain disposable income to pay postpetition expenses. In re Lynch, 415 B.R. 712, 713 (Bankr. N.D. Iowa 2009).

These factors include (1) whether the expenses are necessary and the amounts reasonable; (2) whether the expenses fall within the expense

categories in Schedule J; (3) whether the particular expense was foreseeable within the category; and (4) whether there is sufficient money within the category to pay the expense.  A court may also consider "the amount of the debtor's [disposable income], . . . the debtor's yearly income and expenses, the debtor's overall budget, the number and nature of the debtor's dependents, the amount being paid into the debtor's plan, the dividend being paid to unsecured creditors, and the length of the debtor's plan."

Id. at 713-14 (citations omitted).

## ANALYSIS

The Court has considered the factors from the 2009 Lynch decision to determine whether Debtor should be permitted to retain this disposable income to pay wedding expenses.  Based on the Lynch factors, the Court finds that $2,000 of the $5,685.59 Debtor received as a profit sharing bonus and CIPP payout may be utilized for these expenses.  The remainder is disposable income to be turned over to the Chapter 13 Trustee and applied to the confirmed Chapter 13 plan.

**WHEREFORE**, Debtors' Motion to Use Bonus and CIPP Payout is GRANTED IN PART and DENIED IN PART.

**FURTHER**, Debtor may retain $2,000 of the profit sharing bonus and CIPP payout for wedding expenses.  He shall turn over the remainder, $3,685.59, to the Chapter 13 Trustee.

Dated and Entered:
May 7, 2013

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

2